## Miller *v.* Buffalo and Susquehanna Railroad Company, Appellant.

*Railroads—Bridges—Damages to landowner—Obstruction of stream—Waters.*

In an action of trespass against a railroad company to recover damages to land caused by the obstruction of a stream, it appeared that plaintiff's predecessor in title obtained damages for the land taken by the railroad company for its right of way. At the time the railroad was built there was a bridge across a stream on the land. The bridge had vents for the water of about fourteen feet each in width. Subsequently to the award of damages, and prior to the time when plaintiff acquired title, the railroad company caused bents or trusses to be placed under the bridge to sustain it, in such a way that the outlet for the water was reduced from fourteen feet to seven feet where one bent was erected between the piers, and four feet and a fraction where two bents had been so constructed. There was no evidence that the bents were constructed in a faulty or negligent manner, as far as their mechanical construction was concerned. The evidence showed that the injuries of which plaintiff complained were caused by the backing of the water of the stream produced either by the lodging of ice, or the accumulation of flood debris against the piers and bents of the bridge, and that if the opening in the piers had been as they were originally constructed there would have been room for the free passage of the water, and the ordinary accumulation of drift as they were allowed to pass prior to the erection and construction of the bents and trusses. *Held*, that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 25, 1905. Appeal, No. 104, Oct. T., 1905, by defendant, from judgment of C. P. Potter Co., March T., 1904,

No. 57, on verdict for plaintiff in case of Charles O. Miller v. Buffalo & Susquehanna Railroad Company. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for injuries to land. Before ORMEROD, P. J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $819. Defendant appealed.

*Errors assigned* are various instructions sufficiently set forth in the opinion of the Superior Court.

*W. I. Lewis*, with him *Arch. F. Jones* and *R. R. Lewis*, for appellant.—No recovery can be had in the present action for injury resulting from the construction and location of the defendant's road, as this was settled by the view appointed to assess damages : Hoffer v. Pennsylvania Canal Co., 87 Pa. 221 ; Dorland v. East Brandywine & W. R. R. Co., 46 Pa. 520 ; Hoffman v. Bloomsburg, etc., R. R. Co., 143 Pa. 503 ; Setzler v. Penna. S. V. R. R. Co., 112 Pa. 56.

*W. K. Swetland*, for appellee, cited : Pitts. Ft. Wayne, etc., Ry. Co. v. Gilleland, 56 Pa. 445 ; Berninger v. Ry. Co., 203 Pa. 516 ; Baltimore & Ohio Railroad Co. v. Sulphur Spring Independent School District, 96 Pa. 65 ; Brown v. Pine Creek Railway Co., 183 Pa. 38.

OPINION BY BEAVER, J., November 21, 1905 :

The defendant company, in the year 1898 and prior thereto, maintained a bridge which crossed the east fork of the Sinnemahoning creek diagonally. After the erection of this bridge, the predecessor in title of the plaintiff, upon petition and view, obtained damages for the right of way through the property now occupied by the plaintiff. The bridge, of which complaint is made, was then in existence. It was shown by one of the viewers that no bents or trusses were then erected. The bridge, as originally constructed, had at least four vents or outlets for the water of about fourteen feet each in width. Subsequently

to this view and prior to the time when the plaintiff purchased the property which he now occupies and for damages to which he makes his claim, because of the negligence of the defendants, the bents or trusses placed under the bridge to sustain it were constructed in such a way that the outlet for the water was reduced from fourteen feet to seven feet, where one bent was erected between the piers, and to four feet and a fraction where two bents had been so constructed.

Although the declaration claims that the plaintiff suffered damage, because the bridge of the defendant was negligently, unskillfully and wrongfully constructed, it does not specifically allege the particulars as to the negligent, unskillful and wrongful construction. Under the evidence, it would apply undoubtedly as well to the erection or construction of the bents, which were placed in the stream subsequent to the original construction as to the original erection of the bridge. In reference to this the court said : " Now the negligence, which is alleged to be the cause of the damage. sustained by the plaintiff in this case, is the faulty construction of this bridge. I say to you, as a matter of law, that any damages which were sustained by the plaintiff, prior to the erection of these bents that have been testified to, cannot be recovered in this action." Everything, therefore, relating to the original construction of the bridge was eliminated from the case.

The appellant, in its statement of the question involved, in its history of the case and in its argument, proceeds upon the assumption that the bents or trusses placed between the abutments and piers of the bridge, as originally constructed, were not part of the construction, and so practically begs the entire question involved in the case. This is apparent from the statement of the question involved : " Where faulty, negligent and unskillful construction of a railroad bridge is alleged, can recovery be allowed upon the mere fact that injury occurred, without any evidence of faulty, negligent or unskillful design or construction ? " There is no claim for and no evidence of any damages prior to the erection of the bents between the abutments and piers. It is to be noted that the piers were not at right angles with the course of the stream, the bridge, as already intimated, crossing it diagonally. The same is true of these bents or trusses. They were composed of twelve-inch

timber set, as were the piers, diagonally across the stream. Instead, therefore, of there being fourteen feet of free water way between the abutments and piers, as the bridge was originally erected, that clear space was divided either by two or by three, depending upon whether there were one or two bents between the abutments and piers aforesaid. Not only so but the diagonal position of the bents made this space of less avail than it would have been, if they had been at right angles with the current of the stream. It was impossible, therefore, for the court to affirm the defendant's first and second points which were based, as is alleged in the argument, upon the proposition that repair is not construction and that, because repairs were not named in the declaration, therefore, the plaintiff could not recover. There is nothing said in the declaration about original construction, and whether, therefore, the construction referred to is original or subsequent to the first erection of the bridge does not appear, but, in either event, a recovery can be had in our opinion, under the declaration.

The court refused to affirm the fourth point of the defendant, this refusal constituting the third assignment of error, for the same reason.

The appellant argues that the portion of the general charge of the court quoted by us at the beginning of this opinion was at variance with the answers to its points and says : " We ask this court to note that, if the law was correctly stated in this point (the defendant's fourth point), that it applied as well to the rebuilding or repairing of this bridge as it did to the original construction, and there was no more evidence that these bents were faulty or negligently constructed than there was that the whole bridge was faulty or negligently constructed." So far as the mere mechanical construction of the bents was concerned, it is true that there is no evidence that they were faulty or negligently constructed. They were probably mechanically well done and of good material, but it requires little argument to show that the negligent construction consisted not in the framing of the bents before they were placed in the stream, but in their being placed under the stringers of the railroad track in such a way as to make them a part of the bridge and thereby lessen the open passage for the water and flood debris which came down the stream in ordinary flood

stages. The common-sense construction of the statement of claim, taken in connection with the testimony as it was developed in the course of the trial, was that what may have been a good mechanical construction before it was placed in the stream became a nuisance after it was so placed there in connection with the bridge and, therefore, became negligent and faulty construction. There does not seem to be any principle involved here which needs elaboration or the citation of authorities. The whole case depends, from the appellant's standpoint, on the play upon the word construction, which we think we have shown has no solid ground upon which to rest.

There were disputed questions of fact as to the amount of the loss and the causes of it which were properly left to the jury and about which there is no special ground of complaint.

There was abundant testimony to show that the damages, of which the plaintiff complained, were caused by the backing of the water of the stream, produced either by the lodging of ice or the accumulation of flood debris against the piers and bents of this bridge and that, if the openings between the piers and abutments had been as they were originally constructed, there would have been room for the free passage of the water and the ordinary accumulation of drift as they were allowed to pass prior to the erection and construction of the bents or trusses.

The case throughout was one for the jury. The court, therefore, could not have affirmed the defendant's fifth point that, under all the evidence and under the pleadings in the case, the plaintiff cannot recover.

Berninger v. Sunbury, etc., Ry. Co., 203 Pa. 516, is not in any way conclusive of this case. There the vent for the water was twice the width of the stream, and declared by the Supreme Court that it was clear and indisputable from all plaintiff's testimony that the vents in the bridge were of ample capacity to pass any ordinary spring freshet, and the ordinary ice formation upon the waterway.

As to all the other assignments of error, covering the answers to defendant's points and the general charge, the objections of the appellant can all be traced to the single root already fully discussed, from which the entire contention springs that the bents or additional support for the superstructure of

the bridge were not construction. As we take the same view of this question which was taken by the court below, we cannot, of course, sustain any of the assignments of error. They are all overruled.

Judgment affirmed.